IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES H. FISHER,

    Plaintiff,                         No. CIV S-05-0540 MCE PAN P

    vs.

N. DIZON, et al.,

    Defendants.                  <u>FINDINGS & RECOMMENDATIONS</u>

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On October 24, 2005, plaintiff filed a motion for preliminary injunction. Plaintiff moves for a preliminary injunction directing plaintiff be housed in a cell by himself and prohibiting prison officials from searching his cell in his absence unless they document the reasons for the search. Plaintiff alleges Officers Wann, Thumpster, Anderson and Parks denied plaintiff access to legal materials while plaintiff was in administrative segregation, Officer Brown has attempted to foster resentment and anger of other prisoners towards plaintiff, and other unnamed officers have destroyed his legal papers.

          The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of

1

hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

This action arises out of alleged events in 2004 during a period when plaintiff was incarcerated at California Medical Facility (CMF).  Plaintiff claims that defendants, all of whom were prison officials at CMF at all times relevant to this action, violated his constitutional rights when defendants Dizon, Powers, Anunciation, Barrientos, Mendoza, Rosales, Swain, Yarber, Sumner and Newson repeatedly entered his cell at night for the sole purpose of threatening him with knives, defendants Dizon, Annunciation, Barrientos, Mendoza, Rosales and Swain allegedly battered plaintiff, and defendants Cry, St. Germain, Grannis, Pearson and Schwartz knew of the ongoing harassment and failed to stop them or to prevent the battery.

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973).  In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir.

1979). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).[1]

Because plaintiff's challenge to the alleged actions of Officers Wann, Thumpster, Anderson, Parks or Brown are not cognizable as part of the underlying complaint, this claim will not be given a hearing on the merits at trial. Further, the claim does not implicate this court's jurisdiction in a way that might justify application of the All Writs Act to reach other officials at CMF who are not named in the underlying litigation. <u>See</u> footnote 1, <u>supra</u>. None of the individuals named are parties and plaintiff makes no showing they have acted in concert or participated with the named defendants. Plaintiff is therefore not entitled to a preliminary injunction against Wann, Thumpster, Anderson, Parks or Brown, and the October 24, 2005 motion for preliminary injunction should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's October 24, 2005 motion for preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[1] The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. <u>Plum Creek Lumber Company v. Hutton</u>, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. <u>United States v. New York Telephone Co.</u>, 434 U.S. 159, 174 (1977).

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  April 19, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1
fish0540.pi

4