IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES H. FISHER,

    Plaintiff,                   No. CIV S-05-0540 MCE PAN P

    vs.

N. DIZON, et al.,

    Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983.  Defendants move to dismiss upon the ground plaintiff failed to exhaust available administrative remedies before bringing this action and fails to state a claim upon which relief can be granted.  Plaintiff filed a verified opposition.

        This action proceeds on the March 21, 2005, complaint in which plaintiff alleges: (1) on March 4, 2004, defendant Dizon (and unnamed others) entered his cell at around 1:30 a.m., awoke plaintiff and flung pocket knives in the area of plaintiff's bed;  (2) on March 4, 2004, at 4:30 a.m., Dizon and Powers (and unnamed others) entered his cell, awoke plaintiff and flung pocket knives in the area of plaintiff's bed; (3) on March 5, 2004, at around 12:35 a.m., Dizon entered plaintiff's cell, shone a light in plaintiff's eyes, held a knife over plaintiff's head, shook plaintiff's bed and poked plaintiff twice in the buttocks; (4) on March 5, 2004, at around 4:30

1

1  a.m. when plaintiff complained about Dizon, defendant Powers refused to take action to protect
2  plaintiff from Dizon; (5) from around March 4, 2004, until around February 7, 2005, defendants
3  Dizon, Annunciacion, Barrientos, Mendoza, Rosales, Swain, Yarber, Sumner, Powers and
4  Newsom conspired to harass, torment and terrorize plaintiff; (6) on March 14, 2004, defendant
5  Dizon assaulted and battered plaintiff with the assistance of Annunciacion, Barrientos, Mendoza,
6  Rosales and Swain, causing plaintiff to suffer bruises and cuts; (7) defendants Cry, St. German,
7  Pearson, Veal, Grannis and Schwartz conpsired with the other defendants to harass, torment and
8  terrorize plaintiff.

On a motion to dismiss for failure to exhaust available administrative remedies, the court may look beyond the pleadings and decide disputed facts. Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2002). A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The administrative remedy must be exhausted before suit is brought and a prisoner is not entitled to a stay of judicial proceedings in order to exhaust. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 Cal. Admin. Code § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. 15 Cal. Admin. Code §§ 3084.2, 3085 (designating use of CDC Form 602 Inmate/Parolee Appeal Form for all grievances except those related to disabilities under the Americans with Disabilities Act, which are filed on CDC Form 1824, Reasonable Modification or Accommodation Request). Prisoners ordinarily must present their allegations on one informal and three formal three formal levels of review. 15 Cal. Admin. Code § 3084.5. While presentation on the third level, the Director's Level of Review, exhausts the remedy for departmental purposes, 15 Cal. Admin. Code § 3084.1(a), when prisoners cannot present their allegations on any subsequent level, they have exhausted available remedies for purposes of 42

1  U.S.C. § 1997e(a).  Ngo v. Woodford,  403 F.3d 620 (9th Cir. 2005).  Defendant has the burden
2  of identifying the remedies that remain available.  Id.   A California prisoner who correctly
3  completes an appeal form provided by prison officials provides information adequate to exhaust
4  the administrative remedy.  See  Butler v. Adams, 397 F.3d 1181 (9th Cir. 2005) (error to dismiss
5  complaint for failure to identify defendants on form provided by the prison since the form did not
6  require such identification).

7  Defendants Mendoza, Rosales and Swain contend plaintiff failed to exhaust
8  administrative remedies with respect to the claim they participated in the repeated harassment of
9  plaintiff and the March 14, 2004, beating of plaintiff because plaintiff did not name them in any
10 administrative appeal.

11 On March 24, 2004, plaintiff submitted an appeal alleging, "continued harassment
12 and terrorism upon me by first watch [sic] staff which led up to the intentional and deliberate
13 assault on me by c/o Dizon and first watch staff on 3-14-04 at [sic] 0035 hours."  Plaintiff
14 alleged that on March 4, 2004, first watch staff entered the dorm to count the prisoners, awoke
15 plaintiff and flung knives in the vicinity of his bed, left and then returned later.  When they
16 returned, Dizon shone a light in plaintiff's eyes, shook plaintiff's bed and poked plaintiff in the
17 buttocks.  Plaintiff alleged that he reported the incident, and thereafter whenever Dizon worked
18 he harassed plaintiff.  Plaintiff also alleged that on March 14, 2004, at around 12:35 a.m., "Dizon
19 and his crew" entered the dorm and as plaintiff walked to the bathroom Dizon, with the
20 assistance of other officers, hit plaintiff in the face and grabbed plaintiff around the neck.

21 The informal and first formal levels of review were bypassed and on March 29,
22 2004, this appeal was denied on the second level of review.  Although it is not clear when,
23 petitioner appealed to the third level of review, where relief was denied September 7, 2004.

24 The regulations and the form required plaintiff to describe the problem and
25 plaintiff did.

26 The court finds plaintiff exhausted available administrative remedies with respect

3

1 to his claims that on March 4, 2004, March 5, 2004 and March 14, 2005, defendants Mendoza,
2 Rosales and Swain participated in harassing and beating plaintiff.
3  The court will recommend defendants' motion to dismiss on this ground be
4 denied.
5 <u>Failure to State a Claim</u>
6  In considering a motion to dismiss for failure to state a claim upon which relief
7 can be granted, the court must accept as true the allegations of the complaint in question,
8 <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in
9 the light most favorable to the party opposing the motion and resolve all doubts in the pleader's
10 favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  Moreover,
11 pro se pleadings are held to a less stringent standard than those drafted by lawyers.  <u>Haines v.
12 Kerner</u>, 404 U.S. 519, 520 (1972).  Such a motion should not be granted unless it appears beyond
13 doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to
14 relief.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355
15 U.S. 41, 45-46 (1957); <u>see also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289,
16 1294 (9th Cir. 1981).
17  Defendant Dizon asserts plaintiff fails to state a claim because, "Plaintiff has not
18 shown that Defendant Dizon sexually assaulted him."
19  To state a claim the conditions of imprisonment violate the Eighth Amendment
20 plaintiff must allege a specific individual was deliberately indifferent to some basic human need
21 such as food, clothing, shelter, medical care or safety.  <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 302-03
22 (1991);  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).  A prison official is deliberately
23 indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's
24 society chooses to tolerate."  <u>See</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993); <u>Farmer v.
25 Brennan</u>, 511 U.S. 825, 837 (1994).  Psychological injury is included within this rubric. <u>See
26 Keenan v. Hall</u>, 83 F.3d 1083, 1091 (9th Cir. 1996) (affirming grant of summary judgment in

4

favor of defendants where prisoner plaintiff failed to allege verbal harassment was unusually gross even for a prison setting or were calculated to and did cause psychological damage beyond the denial of "peace of mind.").

Plaintiff alleges that in the course of nightly physical and psychological harassment, Dizon poked plaintiff's buttocks twice at the conclusion of a series of acts, including holding a knife over plaintiff's head while shining a flashlight in plaintiff's face. Such conduct bears no relationship to the state's legitimate interest in punishing plaintiff for his crimes.

Accordingly, the court finds plaintiff states a claim for relief.

The court will recommend defendant Dizon's motion to dismiss on this ground be denied.

Defendants Annunciacion, Barrientos, Cry, Grannis, Mendoza, Newsome, Pearson, Rosales, St. Germain, Schwartz, Sumner, Swain and Yarber assert plaintiff fails to state a claim they used excessive force against plaintiff.

To state a claim for the use of force that violates the Eighth Amendment, plaintiff must allege wrongdoing that is objectively serious enough to violate the Eighth Amendment committed with a sufficiently culpable state of mind. Hudson v. McMillian, 503 U.S. 1, 7-9 (1992). It must appear from the complaint that the guards used force not "in a good faith effort to maintain or restore discipline," but instead "maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320 (1986).

A person is subject to liability under 42 U.S.C. § 1983 if he commits or directs an act or omission that violates a plaintiff's constitutional rights. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989) (quotation marks and citation omitted). To hold a supervisor liable for the

unconstitutional acts of his subordinates, there must be a "causal connection between the supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). This connection may be established by showing the supervisor personally participated in or directed the violation, Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), implemented a policy so deficient as to be the moving force of the violation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989), or by omitting to perform an act he was legally required to do, Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978), such as failing to take adequate steps to address a violation of which he knew or should have known, see, Jones v. Williams, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002).

Plaintiff alleges that on March 14, 2004, defendant Dizon assaulted and battered plaintiff with the assistance of Annunciacion, Barrientos, Mendoza, Rosales and Swain, causing plaintiff bruises and cuts.

It appears from plaintiff's allegations that these defendants used force maliciously and sadistically for the very purpose of causing harm. If plaintiff proves these allegations, he will be entitled to relief. Plaintiff states a claim upon which relief could be granted.

The court will recommend that defendants' Annunciacion, Barrientos, Mendoza, Rosales and Swain's motion on this ground be denied.

But plaintiff does not allege defendants Cry, Grannis, Newsome, Pearson, St. Germain, Schwartz, Sumner or Yarber either directly or indirectly caused the conduct of which plaintiff complains.

The court finds plaintiff fails to state a claim defendants Cry, Grannis, Newsome, Pearson, St. Germain, Schwartz, Sumner or Yarber used excessive force against him.

The court will recommend defendants' motion on this ground be granted.

Defendants Dizon, Annunciacion, Barrientos, Mendoza, Rosales, Swain, Yarber, Sumner, Powers, Newsome, Cry, St. Germain, Pearson, Veal, Grannis and Schwartz assert plaintiff's claims of conspiracy to violate his rights should be dismissed.

To state a claim for conspiracy, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof.  Gilbrook v. City of Westminster, 177 F.3d 839 9th Cir. 1999); Burns v. County of King, 883 F.2d 819, 822 (9th Cir. 1989) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim).

Plaintiff alleges that these defendants conspired to harass, torment and terrorize plaintiff.  The allegations are conclusory.

The court finds plaintiff fails to state a claim for conspiracy.

The court will recommend defendants' Dizon, Annunciacion, Barrientos, Mendoza, Rosales, Swain, Yarber, Sumner, Powers, Newsome, Cry, St. Germain, Pearson, Veal, Grannis and Schwartz motion on this ground be granted.

All defendants move to dismiss plaintiff's claims made against them in their official capacity.

Section 1983 provides for a cause of action against "any person" acting under color of law to deprive an individual of any "rights, privileges, or immunities secured by the Constitution or laws" of the United States.  42 U.S.C. § 1983.  Neither states nor their agencies are persons under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  A suit for damages against a state officer in his official capacity is a suit against the state. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-472 (1985) (in official capacity suit, defendant's actions are equated with those of the entity).  Therefore, plaintiff cannot seek damages from individual defendants in their official capacities.

The court will recommend defendants' motion on this ground be granted.

Defendants assert plaintiff's claims brought pursuant to Title II of the Americans with Disabilities Act (ADA) be dismissed because they are not proper defendants in such a suit.

Plaintiff mentions in his complaint that he is disabled as defined by the ADA but he does not seek any relief authorized by the ADA.

Accordingly, the court finds plaintiff makes no claims pursuant to Title II of the ADA.

Accordingly, IT IS HEREBY RECOMMENDED that

1. Defendants' November 10, 2005, motion to dismiss be granted in part and denied in part as follows:

    a. Defendants' motion to dismiss for failure to exhaust available administrative remedies plaintiff's claim that defendants Mendoza, Rosales and Swain participated in the repeated harassment of plaintiff and the March 14, 2004, beating of plaintiff be denied;

    b. Defendant Dizon's motion to dismiss the claim that he violated the Eighth Amendment by subjecting plaintiff to repeated night-time harassment, including poking plaintiff in the buttocks, be denied;

    c. The motion to dismiss by defendants Annunciacion, Barrientos, Mendoza, Rosales and Swain on the ground plaintiff fails to state a claim they used excessive force against plaintiff in violation of the Eighth Amendment be denied;

    d. The motion to dismiss by defendants Cry, Grannis, Newsome, Pearson, t. Germain, Schwartz, Summer and Yarber on the ground plaintiff fails to state a claim they used excessive force against plaintiff in violation of the Eighth Amendment be granted;

    e. The motion to dismiss by defendants Dizon, Annunciacion, Barrientos, Mendoza, Rosales, Swain, Yarber, Sumner, Powers, Newsome, Cry, St. Germain, Pearson, Veal, Grannis and Schwartz upon the ground plaintiff fails to state a claim they conspired to harass, torment and terrorize plaintiff be granted;

    f. The motion to dismiss by all defendants upon the ground plaintiff fails to state a claim for damages against them in their official capacities be granted;

    g. The motion to dismiss by all defendants upon the ground that insofar as plaintiff seeks relief pursuant to Title II of the ADA, plaintiff fails to state a claim be granted.

2. Defendants Annunciacion, Barrientos, Dizon, Mendoza, Powers and Rosales be directed to answer the complaint within 30 days of any order adopting these recommendations..

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

\004
\fish0540.57