IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES H. FISHER,

      Plaintiff,                          No. CIV S-05-0540 MCE EFB P

   vs.

N. DIZON, et al.,

      Defendants.             ORDER

                              /

      Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. On December 22, 2006, and on January 25, 2007, defendants filed motions for extensions of time to file a dispositive motion. The time for filing such a motion was set in a pretrial scheduling order issued pursuant to Fed. R. Civ. P. 16. On February 2, 2007, defendants filed a motion for summary judgment. The court construes the December and January motions as seeking to modify the July 28, 2006, scheduling order. *See* Fed. R. Civ. P. 16. Pursuant to the scheduling order, the parties had until December 29, 2006, to file dispositive motions. Plaintiff had until March 30, 2007, to file a pretrial statement and defendants had until April 13, 2007, to file a pretrial statement. Pretrial conference is set for April 20, 2007, and trial is set for July 11, 2007.

////

1    A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good
2 cause exists when the moving party demonstrates he cannot meet the deadline despite exercising
3 due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In the
4 December motion, counsel for defendants asserted that she could not timely file a dispositive
5 motion because of her heavy caseload and because the holidays made it impossible to contact
6 many of the defendants who would submit declarations in support of the motion. In the January
7 motion, counsel asserted that she required additional time because of her large and active
8 caseload. In the interest of managing its docket and possibly eliminating or narrowing issues for
9 trial, the court accepts defendants' February 2, 2007, motion as timely.

10    The dispositive motion will require that other dates set in the scheduling order be altered
11 as well. Plaintiff has not opposed defendants' motion. The time for pretrial statements has
12 passed and the court cannot resolve defendants' motion before the time for pretrial conference.
13 Thus, the parties could not and cannot comply with these dates even with the exercise of
14 diligence.

15    Accordingly, the court vacates the dates for the filing of pretrial statements, the pretrial
16 conference and trial. Plaintiff has 30 days from the date of this order to file an opposition to
17 defendants' motion for summary judgment.

18    So ordered.

19 Dated: May 1, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE