IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES H. FISHER,

     Plaintiff,                     No. CIV S-05-0540 MCE EFB P

    vs.

N. DIZON, et al.,

     Defendants.         <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On March 4, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendants Dizon and Powers have filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. The court finds, however, that defendant Powers' objections warrant discussion.

1

The magistrate judge construed the complaint as claiming that plaintiff complained about Dizon to defendant Powers, who refused to take action to protect plaintiff from Dizon. Powers objects to this construction of the complaint, asserting that plaintiff's only claim was that Powers harassed plaintiff. Regardless of how plaintiff's allegations against Powers are characterized, Powers did not, as discussed below, properly present an argument for summary judgment on the claim. In fairness, the complaint is a difficult read and capable of varying constructions. However, having reviewed the March 31, 2005, verified complaint in detail, the court finds that the magistrate judge correctly construed plaintiff's claim against defendant Powers. Thus, the finding is adopted.

Based on his construction of the complaint and of the motion for summary judgment, the magistrate judge concluded that Powers did not move for summary judgment. Powers now objects that he did so move, and that he argued that he did not harass plaintiff. Powers refers the court to page 9 of the defendant's summary judgment brief and argues that all defendants joined in the argument. Nothing on that page presents a meaningful summary judgment argument as to Powers. Merely listing Powers as a defendant joining in the motion and including a single cryptic reference to him on page 9 of the brief does not satisfy defendant's obligation under Fed. R. Civ. P. 56 to point out the matters which demonstrate the absence of a material factual issue as to him. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The argument in the brief fails adequately to distinguish between the defendants regarding the dates on which the alleged misconduct occurred and specific acts attributed to specific defendants. It is general at best and does not mention any of the defendants until the concluding sentence, which states, "Accordingly, the court should grant summary judgment in favor of Defendants Anunciacion, Barrientos, Dizon, Mendoza, Powers, Rosales, and Swan on this claim." Defs.' Mot. for Summ. J., at 12:16-18. Reference back to the argument and the evidence in the record provides no explanation why Powers' name is even mentioned in the conclusion.

////

The court's role is not to make or develop defendant's arguments in support of summary judgment. *See Greenwood v. Federal Aviation Admin.*, 28 F. 3d 971, 977 (1994). In the picturesque language of the Seventh Circuit, "[j]udges are not like pigs, hunting for truffles buried in briefs." *Id.* (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Given the evidence that the defendants submitted and the portion of the motion for summary judgment to which defendant Powers now refers, the court finds that the magistrate judge did not err in not addressing an argument Powers failed to properly present.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 4, 2008, are adopted in full;

2. Defendants' February 2, 2007, motion for summary judgment is granted in part and denied in part as follows:

   a. Dizon's motion for summary judgment is granted with respect to the claim that he used excessive force against plaintiff at around 12:30 a.m. on March 4, 2004;

   b. Dizon and Powers's motion for summary judgment is granted with respect to the claim that they used excessive force against plaintiff at around 4:30 a.m. on March 4, 2004 March 5, 2004;

   c. Dizon's motion for summary judgment is granted with respect to the claim that he used excessive force against plaintiff March 5, 2004;

   d. Dizon's motion for summary judgment is denied with respect to the claims that he used excessive force against plaintiff on March 14, 2004;

   e. Annunciacion, Barrientos, Mendoza, Rosales and Swan's motion for summary judgment on the claim that they used excessive force against plaintiff on March 14, 2004, is granted;

3. Defendant Powers is granted seven days from the date of this order to notify the court whether he intends to file a dispositive motion directed at the claim that plaintiff complained about harassment to Power's but he failed to intervene.

1  If defendant Powers intends to file such a motion, he must do so within thirty (30) calendar days
2  of the date of this order.

3   Dated: March 28, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE